# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| CHARLES RICE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV415-257 |
| PENNY H. FREESEMAN, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Inmate-plaintiff Charles Vincent Rice, as a "sovereign American national secured party," brought this 42 U.S.C. § 1983 case against three individuals evidently involved in the state criminal prosecution against him. Doc. 11 (Amended Complaint). But before he filed this case Rice had already struck out within the meaning of 28 U.S.C. § 1915(g), so the Court now vacates its prior Order (doc. 6) granting him leave to proceed *in forma pauperis* (IFP), and advises dismissal under § 1915(g).

Indigent prisoners, although they must eventually pay the full civil filing fee, may avoid prepayment under 28 U.S.C. § 1915. To do so, they must first surmount § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is *frivolous, malicious, or fails to state a claim* upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). The italicized "strike" definition is construed plainly and strictly. Hence, only those

> [t]hree specific grounds render a dismissal a strike: "frivolous," "malicious," and "fails to state a claim upon which relief may be granted." Under the negative-implication canon, [they] are the only grounds that can render a dismissal a strike. *See* Antonin Scalia & Bryan A. Garner, Reading Law 107–11 (2012). Neither "lack of jurisdiction" nor "want of prosecution" are enumerated grounds, so a dismissal on either of those bases, without more, cannot serve as a strike.

*Daker v. Comm'r, Georgia Dep't. of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016); *see also id.* (the dismissal of a prisoner's action or appeal for want of prosecution, even after a single judge of the Court of Appeals has denied an IFP petition on frivolity grounds, does not result in a "strike").[1]

---

[1] Because of one of the rulings discussed below, this *"Daker* distinction" is worth further illuminating here. The *Daker* panel elaborated:

2

A prisoner barred by three § 1915(g) strikes from proceeding IFP must pay the complete $350 filing fee when he initiates suit. *See Searcy v. Fifth Judicial Circuit of Fla.*, 615 F. App'x 652, 653 (11th Cir. 2015); *Smith v. Chatham County District Office*, 2016 WL 1128226 at * 1 (S.D. Ga. Mar. 21, 2016). If not, then the district court must dismiss his complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *see also Coleman v. Tollefson*, ___ U.S. ___, 135 S. Ct. 1759, 1764 (2015) ("The 'three strikes' provision was designed to filter out the bad claims and facilitate consideration of the good.").

Before he filed this case Rice accumulated four § 1915(g) strikes: *Rice v. Saytanides*, CV411-310, doc. 18 (S.D. Ga. Apr. 3, 2012) (§ 1983

---

When a single judge [of the Eleventh Circuit Court of Appeals] concludes that a prisoner is ineligible to proceed [IFP], the judge enters an order "denying" the prisoner's petition, not an order "dismissing" the action or appeal. That distinction is important because, under the Federal Rules of Appellate Procedure, a single judge "may not dismiss or otherwise determine an appeal or other proceeding." Fed. R. App. 27(c). Only a panel of this Court can dismiss a petition or appeal. With respect to Daker, panels of this Court dismissed his filings for "want of prosecution" under Eleventh Circuit Rule 42–1(b) because he failed to pay the filing fee. Nothing in those orders suggested that the panels agreed with the single judges that Daker's arguments were frivolous. On the contrary, both our internal rules and the Act allow a panel to dismiss an action or appeal as "frivolous," 11th Cir. R. 42–4; 28 U.S.C. § 1915(e)(2)(B)(i), but the orders dismissing Daker's filings invoked neither provision.

*Daker*, 820 F.3d at 1285.

case dismissed for failure to state a claim) (strike one); *id.*, doc. 26 (three-judge appellate panel opinion/mandate: "This Court now finds that the appeal is frivolous, DENIES leave to proceed, and DISMISSES the appeal.") (strike two)[2]; *Rice v. Heap*, CV413-079, doc. 22 (S.D. Ga. Aug. 16, 2013) (§ 1983 case dismissed for failure to state a claim) (strike three); *Rice v. Jones*, CV414-081, doc. 11 (S.D. Ga. July 28, 2014) (§ 1983 case dismissed for failure to state a claim) (strike four).

Since Rice now presents no allegations of imminent danger that may result in serious physical harm, *Skillern v. Jackson*, 2006 WL 1687752 at * 2 (S.D. Ga. June 14, 2006) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)), § 1915(g) bars this action. The Court therefore **VACATES** its IFP Order (doc. 6) and advises that this case be **DISMISSED** under § 1915(g). His motions for a hearing and to appoint counsel (docs. 3, 4 & 5) are **DENIED**.

---

[2] "Strikes are prior cases *or appeals*, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or fail[ed] to state a claim." *Turner v. George Bailey Detention Facility*, 2016 WL 3388712 at * 2 (S.D. Cal. June 24, 2016) (quotes and cite omitted; emphasis added); *see also supra* n. 1 (distinguishing between one and three-judge merits panel dismissals). Because the *Saytanides* three-judge panel's dismissal was on the merits, it counts as a strike.

**SO REPORTED AND RECOMMENDED,** this  10th  day of August, 2016.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA